Filed 6/4/25  P. v. Renteria CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>UBALDO RENTERIA,<br><br>    Defendant and Appellant. | B341627<br><br>(Los Angeles County<br>Super. Ct. No. TA160217) |

APPEAL from a judgment of the Superior Court of Los Angeles County, John J. Lonergan, Jr., Judge.  Affirmed.

Asya Ovsepyan, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

Defendant Ubaldo Renteria appeals from his conviction for receiving a stolen vehicle. Defendant's appointed appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), identifying no issues and requesting this court to review the record and determine whether any arguable issue exists on appeal. We have done so and affirm.

## FACTUAL BACKGROUND

On May 17, 2023, Reginald Brass discovered his motorhome, a 2006 Monarch Monaco, was missing from the curb in front of his home. One of Brass's neighbors had security camera footage of the theft of the motorhome, which the jury viewed at trial. The video showed the driver's side of the motorhome. On the video, a truck pulled up near the motorhome and two men and a woman got out. One of the men, whom Brass identified at trial as defendant, was wearing a burgundy top, black pants, and burgundy shoes. The men and woman went around to the passenger's side of the motorhome. After several minutes, the man Brass identified as defendant unplugged the cord providing electricity to the motorhome. The video then showed the motorhome being driven away. The man Brass identified as defendant then got into the truck he had arrived in and drove away as well.

Four days later, on May 21, 2023, Brass was driving near the intersection of Broadway and Rosecrans and saw his motorhome parked at the corner. Brass called the police. While waiting for the police to arrive, he saw a male wearing a burgundy top, black pants, and burgundy shoes enter the motorhome.

Emmanuel Mercado, a deputy with the Los Angeles County Sheriff's Department, responded to Brass's call. While Mercado

2

was speaking with Brass at Broadway and Rosecrans, he saw a person he identified at trial as defendant open the blinds from inside the motorhome and quickly shut them. Mercado got back into his patrol vehicle and moved it closer to the motorhome. From his position he could see from under the vehicle to the abutting sidewalk, and saw someone wearing red shoes standing near where the motorhome's passenger door was located, and then moving northbound.

Mercado entered the motorhome to confirm no one else was inside. When Mercado was inside the motorhome, Brass saw someone with a burgundy top, black pants, and burgundy shoes standing in back of the motorhome. He informed Mercado, who detained defendant, the man in the burgundy outfit. Mercado presented defendant to Brass, who identified defendant as the person he had seen enter and exit the motorhome that day, as well as the person Brass had seen on the security footage of the motorhome theft.

Mercado testified the steering column of the motorhome had been tampered with and there were exposed wires, consistent with an effort to start the vehicle without a key.

## PROCEDURAL BACKGROUND

An information alleged defendant had committed one count of receiving a stolen vehicle under Penal Code section 496d.[1] The information further alleged defendant had suffered previous convictions subjecting him to increased penalties under

---

[1] Unspecified statutory citations are to the Penal Code.

section 666.5,[2] as well as sentencing under the "Three Strikes" law, sections 667, subdivisions (b)–(j) and 1170.12. The information also alleged defendant's prior prison terms constituted circumstances in aggravation under California Rules of Court, rule 4.421(b)(3).

A jury convicted defendant of the single count under section 496d. Defendant waived jury trial on the allegations of prior convictions and stipulated to the strike and the section 666.5 priors. The trial court chose not to sentence defendant pursuant to section 666.5, instead imposing the middle term of two years under section 496d, doubled to four years because of the strike. The court awarded 414 days of credits and assessed fines and fees.

Defendant timely appealed.

## DISCUSSION

We appointed counsel to represent defendant in this matter. After examining the record, counsel filed a *Wende* brief raising no issues on appeal and requesting we independently review the record. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by this court of the opportunity to file a supplemental brief; he filed no brief.

We have examined the entire record and are satisfied that counsel has complied with counsel's responsibilities and that no arguable issue exists. (*People v. Kelly* (2006) 40 Cal.4th 106, 110–111; *Wende, supra*, 25 Cal.3d at p. 441.)

---

[2] Section 666.5 increases the penalty under section 496d, inter alia, if the defendant has previously been convicted of certain enumerated vehicle theft offenses.

4

## DISPOSITION

The judgment is affirmed.
<u>NOT TO BE PUBLISHED.</u>


BENDIX, Acting P. J.


We concur:



WEINGART, J.



M. KIM, J.